UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

REBEKAH A. ATKINS,                          )
                                            )
                    Petitioner,             )
                                            )
        v.                                  )   No. 1:26-cv-00704-JRO-KMB
                                            )
TODD ROKITA, *et al.*,                      )
                                            )
                    Respondents.            )

## ORDER DISMISSING HABEAS PETITION AND
## DIRECTING ENTRY OF FINAL JUDGMENT

Petitioner Rebekah A. Atkins is a pretrial detainee presently confined at the Marion County Adult Detention Center.  She filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her pretrial detention related to Indiana case numbers 49D34-2509-CM-027287 and 49D34-2505-CM-016139.  Because Atkins has not exhausted her state court remedies in either case, this petition will be dismissed without prejudice.

## I. RULE 4 DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Even though Atkins brings her petition under Section 2241, "[t]he district court may apply any or all of these rules to a habeas corpus petition" not brought under § 2254. Rule 1(b) of the Rules Governing Section 2254 Cases.

## II. BACKGROUND AND DISCUSSION

In May 2025, Atkins was charged with criminal trespass in Indiana case number 49D34-2505-CM-016139.[1] In September 2025, she was charged with computer harassment in case number 49D34-2509-CM-027287. On March 25, 2026, Atkins was found incompetent to stand trial in both cases. In her petition, she alleges that her right to a speedy trial has been violated in both cases and seeks immediate release from detention. Dkt. 1.

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings if the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make

---

[1] The Court takes judicial notice of the chronological case summaries of Ms. Atkins' criminal matters available at https://public.courts.in.gov/mycase/, accessed Apr. 30, 2026.

abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)); *see, e.g., Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (upholding district court's decision to abstain from hearing 42 U.S.C. § 1983 claims alleging police misconduct underlying a criminal proceeding while the case worked its way through the state appellate process). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger*, 401 U.S. at 49; *Stroman Realty, Inc.*, 505 F.3d at 662; *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009).

The chronological case summaries of Atkins' criminal matters reflect that she has not exhausted any speedy trial claims in state court. Nor could she at this time, because Atkins has been determined to be incompetent to proceed to trial. The Court observes that a status conference in both cases is scheduled for June 24.

Because Atkins has not exhausted her state court remedies, this action is **dismissed without prejudice**.

### III. CONCLUSION

For the foregoing reasons, this action is **DISMISSED without prejudice** for failure to exhaust state court remedies. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, the **clerk is**

3

**directed** to send Atkins a copy of this Order to notify her that this matter has been dismissed without prejudice.  Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 5/13/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

REBEKAH A. ATKINS
2604961
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

4